RECEIVED AND FILED
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, PR
2017 AUG 30 AM 10: 13

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JOSE ANGEL RIVERA-ARROYO, A.K.A.<br>"POCHO"<br>Defendant. | CRIMINAL NO. 17-091(JAG) |

## PLEA AND FORFEITURE AGREEMENT
(Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) & (B))

TO THE HONORABLE COURT:

COMES NOW the United States of America, by and through the undersigned attorneys, and Jose A. Rivera-Arroyo, defendant, by and through defendant's counsel, ~~Jose~~ Javier A. Cuyar-Olivo, pursuant to Rule 11(c)(1)(A) & (B) of the Federal Rules of Criminal Procedure, and state to this Honorable Court, that they have reached an agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One of the Indictment.

**Count One:**

On or about November 27, 2015 up until December 23, 2016 in the District of Puerto Rico, and within the jurisdiction of this Court, ,

**JOSE ANGEL RIVERA ARROYO, A.K.A. "POCHO"**

the defendant herein having been convicted of a crime punishable by imprisonment for a term exceeding one year did knowingly possess in and affecting interstate or foreign commerce, firearms and ammunition, that is,

1. a black colored, .40 caliber, Glock pistol, Model 23, bearing serial number CXD015US, loaded with thirteen (13) rounds of ammunition,

2. a fifteen (15) round pistol magazine,

3. One (1) .556 caliber Rifle, Make Keltec, Model PLR-13, S/N PIR80,

4. One (1) .556 caliber Rifle, Make East coast custom, Model BR-15, S/N P35000199,

5. One (1) .40 caliber Handgun, Make Glock, Model 22, S/N GEC157,

6. eighty (80) .9mm caliber rounds of assorted ammunition,

7. eighty-four (84) .223 caliber rounds of assorted ammunition,

8. sixteen (16) .40 caliber rounds of assorted ammunition and

9. nine (9) 7.62 caliber rounds of assorted ammunition



said firearms and ammunitions having been shipped and transported in interstate or foreign commerce; all in violation of Title 18, <u>United States Code</u>, Sections 922(g)(1) and 924(a)(2).

**2. MAXIMUM PENALTIES**

The maximum statutory penalty for the offense charged in Count One of the Indictment is a term of imprisonment of not more than ten (10) years pursuant to 18 U.S.C. § 924(a)(2); a fine not to exceed two hundred and fifty thousand dollars ($250,000.00) pursuant to 18 U.S.C. § 3571(b)(3); a supervised release term of not more than three (3) years pursuant to 18 U.S.C. § 3583(b)(2); and a Special Monetary Assessment of one hundred dollars ($100.00) pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 3. SENTENCING GUIDELINES APPLICABILITY

Defendant acknowledges that the Court may impose a sentence in accordance with the applicable provision(s) of the Sentencing Guidelines, Title 18 United States Code, § 3551, et seq. (hereinafter Guidelines), which are now advisory. Further, the defendant acknowledges and is aware that parole has been abolished and the imposition of sentence may not be suspended.

## 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

## 6. RULE 11(c)(1)(B) WARNINGS

The defendant is aware that the defendant's sentence is within the sound discretion of the sentencing judge, but also that the sentence may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes, which are advisory to the Court's imposition of sentence. The defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this Agreement.

## 7. APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the cases of <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and defendant submit the following advisory Guideline calculations:



| Sentencing Guidelines Calculations Table | | | | | | | |
|---|---|---|---|---|---|---|---|
| Base Offense Level | Base Offense Level: U.S.S.G. § 2K2.1(a)(4) | | | | | | 22 |
| Acceptance | Acceptance of Responsibility, U.S.S.G. § 3E1.1 | | | | | | -3 |
| Sentencing Range | CHC-I | CHC-II | CHC-III | CHC-IV | CHC-V | CHC-VI | Total Offense Level Count One: 19[1] |
| Count One | 19 030-037 | 033-041 | 037-046 | 046-057 | 057-071 | 063-078 | |

## 8. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do **not** stipulate as to any Criminal History Category for defendant.

## 9. SENTENCE RECOMMENDATION

After due consideration of the relevant factors enumerated in Title 18, <u>United States Code</u>, Section 3553 (a) the parties agree to recommend a sentence of imprisonment within the applicable guideline sentencing range at level 19, combined with the defendant's criminal history category as determined by the Court, that is, the Defendant may request a sentence at the lower end of the applicable guideline range while the United States may request a sentence at the upper end of the applicable guideline range.

---

[1] For purposes of the plea agreement defendant is being held responsible only for the following firearm: a black colored, .40 caliber, Glock pistol, Model 23, bearing serial number CXD015US, loaded with thirteen (13) rounds of ammunition.

## 10. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 57 months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

## 11. NO FURTHER ADJUSTMENTS OR DEPARTURES

The United States and defendant agree that no further adjustments or departures to defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by defendant. The parties agree that any request by defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

## 12. SATISFACTION WITH COUNSEL

Defendant represents to the Court that he is satisfied with counsel, ~~Jose~~ Javier A. Cuyar-Olivo, and states that counsel has rendered effective legal assistance.

## 13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA

Defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

  A. If defendant had persisted in a plea of not guilty to the charges, defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if defendant, the United States and the judge agree.
  B. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by

removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, that it could not convict defendant unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

C. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established defendant's guilt beyond a reasonable doubt.

D. At a trial, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those witnesses and defendant's attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence on defendant's own behalf. If the witnesses for defendant would not appear voluntarily, defendant could require their attendance through the subpoena power of the Court.

E. At a trial, defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from defendant's refusal to testify. If defendant desired to do so, defendant could testify on his behalf.



### 14. STIPULATION OF FACTS



The accompanying Stipulation of Facts signed by defendant is hereby incorporated into this Plea and Forfeiture Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and that the United States would have proven those facts beyond a reasonable doubt at trial.

### 15. FIREARMS FORFEITURE

10. Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"):

a) a black colored, .40 caliber, Glock pistol, Model 23, bearing serial number CXD015US, loaded with thirteen (13) rounds of ammunition,

b) a fifteen (15) round pistol magazine,

c) One (1) .556 caliber Rifle, Make Keltec, Model PLR-13, S/N PIR80,

d) One (1) .556 caliber Rifle, Make East coast custom, Model BR-15, S/N P35000199,

e) One (1) .40 caliber Handgun, Make Glock, Model 22, S/N GEC157,

f) eighty (80) .9mm caliber rounds of assorted ammunition,

g) eighty-four (84) .223 caliber rounds of assorted ammunition,

h) sixteen (16) .40 caliber rounds of assorted ammunition and

nine (9) 7.62 caliber rounds of assorted ammunition. Defendant acknowledges that he possessed the Property in violation of 18 U.S.C. § 922(g)(1), as set forth in Count One of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

### 16. LIMITATIONS OF PLEA AND FORFEITURE AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and defendant. It does not bind any other federal district, state, or local authorities.

### 17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, defendant, and defense counsel. The United States has made no promises or representations except as set forth in writing in this Plea and Forfeiture Agreement and deny the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT

No other promises, terms, or conditions will be entered unless in writing and signed by all parties.

## 19. VOLUNTARINESS OF GUILTY PLEA

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily and only because he is guilty.

## 20. DISMISSAL OF ALL REMAINING COUNTS

No other counts to be dismissed.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 7-11-17

_____
**Jenifer Hernández-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 7\10\2017

_____
**Penélope Castellanos-Diloné**
Special Assistant U.S. Attorney
Dated: 7/9/2017

_____
**Jose A. Rivera-Arroyo**
Defendant
Dated: 8/30/17

_____
**Jose A. Cuyar-Olivo**
Counsel for the Defendant
Dated: 8/30/17

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 8/30/17

José A. Rivera-Arroyo
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with the defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, the defendant is entering into this agreement voluntarily, intelligently, and with full knowledge of all consequences of defendant's plea of guilty.

Date: 8/30/17

José A. Cuyar-Olivo, Esq.
Counsel for Defendant

# STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and defendant Jose A. Rivera-Arroyo agree that the following recital provides a true and accurate summary of the facts leading to defendant's acceptance of criminal responsibility for violation of 18 U.S.C. § 922(g)(1).

José Angel Rivera-Arroyo and a female occupant were detained in a traffic stop on November 27, 2015 after a car chase ended with him losing control of the car. Rivera-Arroyo fled on foot when police saw a marihuana baggie inside the vehicle. When the car was impounded, a firearm that was modified to be fully automatic machinegun was found underneath the driver seat. The firearm is described as a black colored, .40 caliber, Glock pistol, Model 23, bearing serial number CXD015US, loaded with thirteen (13) rounds of ammunition. The driver was later identified as Jose Rivera-Arroyo. Further investigation revealed that Rivera-Arroyo was a convicted felon for a controlled substance offense and a fugitive from the state of Pennsylvania where he fled a boot camp type program as a condition of parole.

On December 23, 2016 Rivera Arroyo was arrested by the special arrest unit of the Police of Puerto Rico who were acting on a local arrest warrant. On January 3, 2017, ATF agents interviewed Rivera-Arroyo at the state prison. After knowingly and voluntarily waiving his constitutional rights, Rivera-Arroyo admitted the car he was driving on November 27, 2015 was his. He said that he fled the scene of the traffic stop because he was a fugitive. He claimed the female passenger was not responsible for anything found in the car.

The defendant acknowledges that he committed the instant offense subsequent to sustaining one felony conviction of a controlled substance offense and that he knowingly possessed

the black colored, .40 caliber, Glock pistol, Model 23, bearing serial number CXD015US, loaded with thirteen (13) rounds of ammunition on November 27, 2015.

The investigation revealed that no firearms or ammunition are manufactured in Puerto Rico. Therefore, the aforementioned firearm and ammunition were shipped or transported in interstate or foreign commerce.

At trial, the United States would have proven beyond a reasonable doubt that the Defendant is guilty as charged in Count One of the Indictment. This would have been proven through physical and documentary evidence, including, but not limited to, testimony of PRPD and federal agents, photographs, the defendant criminal record and other physical evidence.

Timely discovery has been provided to the defendant for review.

_____
Penélope Castellanos-Diloné
Special Assistant United States Attorney
Dated: 7/7/2017

_____
Jose A. Cuyar-Olivo
Counsel for Defendant
Dated: 8/30/17

_____
Jose A. Rivera-Arroyo
Defendant
Dated: 8/30/17